U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 2 0 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FRANKIE BELL<br>    FED. REG. #00146-099 | CIVIL ACTION NO. 09-0228 |
| VS. | SECTION P |
| | JUDGE DRELL |
| WARDEN JOE KEFFER | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

On February 9, 2009, *pro se* petitioner Frankie Bell filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock (USPP), Louisiana, and, he complains that, while he was incarcerated at the Federal Corrections Complex, Beaumont, Texas, he was wrongly charged and convicted of a prison disciplinary violation that resulted in the forfeiture of good time credits.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

1

## Statement of the Case

In April 2007 petitioner was an inmate at the Federal Corrections Complex, Beaumont, Texas. On April 2, 2007, Officer Brown noticed petitioner sitting on the upper tier just above her office with his arm down his pants, vigorously massaging his groin area and looking directly at her. [See rec. doc. 10, Exhibit 1, Incident Report, Attachment 1]

The Incident Report was delivered to petitioner on April 2, 2007. [rec. doc. 10, Exhibit 1 at ¶2] Petitioner was placed in Administrative Segregation pending further investigation. [Id., ¶1] On April 5, 2007 the Unit Discipline Committee (UDC) conducted a preliminary hearing and served petitioner with a copy of Inmate Rights at Discipline Hearing and Notice of Discipline Hearing Before the Disciplinary Hearing Officer. Petitioner indicated on the latter document that he did not want staff representation or witnesses. [Id., ¶3,4 and 5; see also Attachments 2 and 3]

The DHO hearing was convened on April 10, 2007. Petitioner denied the charge, stating that he had just finished urinating and sat down; then he stood and tucked in his shirt. The DHO considered the testimony of Ms. Brown and determined that petitioner was guilty of the sexual offense. The following relevant findings were made by the DHO:

> I find that you committed the prohibited act of Engaging in a Sex Act. My decision is based in part on

> the written account of Ms. Brown, who provided she was
> monitoring inmate movement in PB Unit. She saw you
> sitting on the top tier above the office. You had your
> arm down your pants and were vigorously massaging your
> groin area while looking directly at her. ...
>
> I also considered your statement to me that you were
> not massaging your groin. You also stated you had just
> finished urinating and sat down for a minute. You claim
> you then stood up and tucked in your shirt... However,
> I find your claim not credible. Officer Brown is well-
> equipped to differentiate between a person vigorously
> massaging their groin versus tucking in their shirt.
> She specifically provided you had your arm down your
> pants and you were massaging your groin. You have
> provided me no credible evidence whatsoever to refute
> her eyewitness account... [rec. doc. 10, Exhibit 1,
> Attachment 5]

Based on those findings, petitioner was found guilty and sentenced to forfeit 27 days of good time and other lesser sanctions. [*Id.*]

On July 27, 2007 petitioner was transferred to the United States Penitentiary, Beaumont. [rec. doc. 10, Declaration, ¶19]

Petitioner's appeals at the regional and national levels were ultimately rejected as untimely. [rec. doc. 10, Declaration, ¶14-36]

While he was incarcerated at USP Beaumont, he claimed that he was denied access to habeas corpus forms or the address of the United States Court in Beaumont. [Id., ¶38-40]

### *Law and Analysis*

Petitioner implies that he was deprived of liberty - the loss of 27 days good conduct time - in violation of the Fifth

Amendment's due process clause. With regard to his due process claim, federal prisoners do have liberty interests in their accumulated good-time credit. See <u>Henson v. U.S. Bureau of Prisons</u>, 213 F.3d 897, 898 (5th Cir.2000). Therefore, since petitioner lost good time credits as a result of the complained of disciplinary proceeding, the due process analysis approved by the Supreme Court in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), governs this review of the contested disciplinary proceeding.

In <u>Wolff</u>, the Court held, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 555-556. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the

ruling. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L. Ed.2d 356 (1985); Wolff, supra, at 556.

Petitioner has provided copies of the BOP's Discipline Hearing Officer Report, Incident Report, Inmate Rights at Discipline Hearing, and Notice of Discipline Hearing with respect to the incident he now contests. These exhibits establish that he was afforded all the process he was due. Further, the DHO's findings establish that there was ample evidence of guilt.

In short, petitioner has failed to state a claim for which relief may be given. His claims are without merit and dismissal on that basis is appropriate.

Further, petitioner implies that his efforts to obtain habeas corpus review were thwarted by the staff at the United States Penitentiary, Beaumont. In order to be entitled to *habeas corpus* relief, a petitioner must show that he is in custody in violation of the Constitution and laws of the United States. See 28 U.S.C. §2241. Petitioner's allegations, if true, are troubling, however, standing alone, they do not establish a Constitutional violation since petitioner's opportunity to litigate his *habeas* claims was merely delayed and not denied, and petitioner suffered no prejudice as a result of the delay.

### *Conclusion*

Considering the foregoing,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Alexandria, Louisiana, _____, 2009.

JAMES D. KIRK
United States Magistrate Judge